UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODOLFO GONZALEZ,<br><br>           Plaintiff(s),<br><br>vs.<br><br>OFFICER JOHN DOE, et al.,<br><br>           Defendant(s). | Case No. 2:14-cv-00792-GMN-NJK<br><br>ORDER<br><br>(Docket Nos. 33, 34) |

Pending before the Court is Defendant Sheriff Gillespie's motion to compel and request for sanctions. Docket Nos. 33, 34. The deadline for responding to the motions has now passed. *See* Local Rule 7-2(b) (providing 14-day response deadline). To date, no response has been filed opposing the motions. *See* Docket. Accordingly, the motions may be granted as unopposed. *See* Local Rule 7-2(d); Local Rule 54-16(e). The Court has also reviewed the motions and finds good cause for granting them.

**I.  ATTORNEY'S FEES**

Having determined that Defendant is entitled to recover his attorney's fees incurred in bringing his motion to compel, the Court turns to the calculation of the fees. Reasonable attorney's fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure

is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1993). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the [court] may reduce the award accordingly"); *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See Herb Reed Enters. v. Monroe Powell's Platters*, 2013 WL 3729720, *3, 2013 U.S. Dist. Lexis 97559, *31 (D. Nev. July 11, 2013), *adopted* 2013 U.S. Dist. Lexis 132794 (D. Nev. Sept. 17, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012).

A.     Reasonable Hours

The pending motion states that Defendant's counsel spent 4 hours trying to obtain discovery responses and preparing the pending motions. Docket No. 33, at 40-41, Dillard Decl. ¶ 8. Defendant's counsel did not attach billing records or outline how many hours he spent researching and drafting the motion to compel. *See* Dillard Decl. ¶ 8. The brief submitted in support of the motion contained roughly 3 pages of argument. *See* Docket No. 33. The discovery issues raised in the motion to compel were not particularly complicated. Nor does it appear that extensive legal research was required. Moreover, the only evidence submitted as to Defendant's counsel efforts to try to obtain discovery is a five-paragraph letter attached to the motion and his declaration that he

1  "spoke with Plaintiff's counsel on May 18, 2015." *See id.*, at 37-38; Dillard Darcl. ¶ 7.

2  The Court finds the request by Defendant's counsel for 4 hours trying to obtain discovery
3  responses and preparing the motion to compel to be unreasonable in light of the length and
4  complexity of the motion, as well as the amount of legal research required. Given the nature of the
5  issues raised, the Court finds that a reasonable amount of time was 3 hours.

6  B.   Hourly Rate

7  The next step in calculating the lodestar is to determine the attorney's rates "calculated
8  according to the prevailing market rates in the relevant community," taking into account the rates
9  for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*
10 *v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). "Affidavits of the plaintiffs' attorney and other
11 attorneys regarding prevailing fees in the community, and rate determinations in other cases,
12 particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing
13 market rate." *United Steelworks of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990).

14 Defendant seeks a rate of $190 an hour. Defendant supports this rate with the declaration of
15 Mr. Dillard. *See* Docket No. 33, at 40-41. The Court finds that this rate is in line with the prevailing
16 market rate in the community for similar services by comparable lawyers. *See, e.g.*, *CLM Partners*
17 *LLC v. Fiesta Palms, LLC*, 2013 U.S. Dist. Lexis 171631, *16 (D. Nev. Dec. 5, 2013) (collecting
18 cases).

19 C.   Fees to be Awarded

20 In light of the reasonable hours and rates determined above, the Court hereby calculates the
21 lodestar as follows: 3 hours x $190 = $570.

22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

- 3 -

**II.      CONCLUSION**

For the reasons discussed more fully above, the Court hereby **GRANTS** Defendant Sheriff Gillespie's motion to compel and request for sanctions (Docket Nos. 33, 34) and **AWARDS** Defendant Sheriff Gillespie $570 in attorney's fees, to be paid no later than August 3, 2015. Additionally, Plaintiff is **ORDERED** to provide proper responses to the interrogatories and requests for production within 14 days of this Order.  Plaintiff is further **ORDERED** to provide Defendant with his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) within 14 days of this Order.

IT IS SO ORDERED.

DATED: July 1, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge