1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RODOLFO GONZALES,                    )
                                                        )        Case No. 2:14-cv-00792-GMN-NJK
                    Plaintiff(s),              )
                                                        )
vs.                                                     )        ORDER
                                                        )
DOUGLAS GILLESPIE, et al.,          )
                                                        )
                    Defendant(s).            )
_____)

     Pending before the Court is an order for Plaintiff to show cause why he should not be sanctioned pursuant to Rule 16(f)[1] and Local Rule IA 4-1. Docket No. 45. To date, Plaintiff has failed to respond. *See* Docket. Having reviewed the record, and for the reasons discussed more fully below, the Court hereby **SANCTIONS** Plaintiff in the amount of a $200 court fine.

**I.        FACTUAL BACKGROUND**

     The matter currently before the Court is Plaintiff's most recent failure to participate meaningfully in this action. On May 27, 2015, Defendants filed a motion to compel discovery and a motion for sanctions. Docket Nos. 33, 34. Plaintiff failed to respond to either motion. *See* Docket. On July 1, 2015, the Court granted both motions and awarded Defendants $570 in attorneys' fees, noting that Plaintiff filed nothing opposition. *See* Docket No. 38. On July 21, 2015, after granting Plaintiff's counsel's motion to withdraw, the Court ordered Plaintiff to retain new counsel or file a notice of intent

_____

[1] Unless otherwise noted, references to "Rules" are to the Federal Rules of Civil Procedure.

to proceed *pro se*, no later than August 20, 2015.  Docket No. 41.  To date, Plaintiff has filed neither.  *See* Docket.  On August 19, 2015, Chief United States District Judge Gloria M. Navarro referred this case to the undersigned Magistrate Judge for a settlement conference.  Docket No. 42.  That same day, the Court set a settlement conference to commence at 10:00 a.m. on October 13, 2015.  *See* Docket No. 43.  The Court ordered all individual parties to attend the settlement conference and submit confidential settlement conference statements.  *Id.*, at 3.  On October 13, 2015, Plaintiff failed to appear, after having failed to his settlement conference statement.  Docket No. 44.  That same day, the Court ordered Plaintiff to show cause why he should not be sanctioned pursuant to Rule 16(f) and Local Rule IA 4-1 for his failure to comply with the Court's orders.  Docket No. 45.  Again, Plaintiff failed to submit a response.  *See* Docket.

## II.   STANDARDS

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory.  *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979).  There are several sources of legal authority by which federal courts enforce their orders.  Most pertinent here, Rule 16(f) requires compliance with any "scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  The Local Rules in this District reinforce Rule 16(f) and expand its scope by requiring compliance "with any order of this Court."  Local Rule IA 4-1(d).

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management."  *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam).[2]  Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional, *see, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), and regardless of whether the non-compliance was in bad faith, *see, e.g.*, *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).

Courts do not invoke Rule 16(f) to enforce their orders for sport.  Violations of orders setting deadlines "involve a matter most critical to the court itself: management of its docket and the avoidance

---

[2] The Court herein focuses its attention on Rule 16(f), but sanctions are being imposed on Plaintiff pursuant to both Rule 16(f) and Local Rule IA 4-1(d).

of unnecessary delays in the administration of its cases." *Martin Family Trust*, 186 F.R.D. at 603 (quoting *Matter of Sanction of Baker*, 774 F.2d 1440, 1441 (10th Cir. 1984) (en banc) (internal quotations omitted)). "Part of the purpose of the sanctioning power – the power at issue here – is to control litigation and preserve the integrity of the judicial process." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001). Each judge has an independent responsibility to enforce the directives she has laid down for the case:

> Rules are rules and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly escape the foreseeable consequences of noncompliance.

*Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1997) (citation omitted).

When a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 4-1 (the Court may impose "any and all appropriate sanctions on an attorney" who violates any order without just cause). Violations of orders are "neither technical nor trivial," *Martin Family Trust*, 186 F.R.D. at 603, and can have severe ramifications. While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick*, 270 F.3d at 595-96. In determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

In this instance, Plaintiff has exhibited habitual non-compliance with clear court orders. By opting not to submit a settlement conference statement or to attend the settlement conference, Plaintiff violated the Court's August 19, 2015, order. *See* Docket No. 44. Plaintiff continued this pattern even after being expressly cautioned that the Court expects strict compliance with its orders and that non-compliance could lead to the imposition of significant sanctions. *See* Docket No. 45. Currently at issue is Plaintiff's failure to respond to the Court's Order to Show Cause. Docket No. 45. The order was crystal clear: the Court ordered Plaintiff to respond by October 30, 2015; yet, Plaintiff chose not to comply. These repeated failures surrounding the mandatory settlement conference demonstrate

Plaintiff's cavalier attitude toward court orders.   Accordingly, Plaintiff's misconduct merits the imposition of sanctions.

In light of Plaintiff's failure to heed the Court's previous order sternly warning him to strictly comply with court orders, the delay caused by his non-compliance with the order setting the settlement conference, and the wasted judicial resources caused by his non-compliance, the Court finds that a court fine of $200 is appropriate. The Court believes this fine does not fully reflect the effect of Plaintiff's misconduct on either the integrity of the Court's docket or the sanctity of Rule 16 and Local Rule IA 4-1.   Nonetheless, in this instance, the Court believes the sanction is sufficient to deter similar misconduct.

**IV.    CONCLUSION**

For the reasons discussed more fully above, the Court hereby **SANCTIONS** Plaintiff in the amount of $200 in a court fine.  This sanction is imposed pursuant to both Rule 16(f) and Local Rule IA 4-1.  Payment of the court fine shall be made to the "Clerk, U.S. District Court" no later than November 30, 2015.  Plaintiff is also ordered to file a proof of payment on the docket by that date. Plaintiff is advised that failure to comply with this order may result in recommendation to the Chief District Judge for dismissal of his case with prejudice.

IT IS SO ORDERED.

DATED: November 10, 2015

_____          _____
NANCY J. KOPPE
United States Magistrate Judge

4