UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rodolfo Gonzalez,<br><br>    Plaintiff,<br>vs.<br><br>Douglas C. Gillespie,<br><br>    Defendant. | Case No.: 2:14-cv-0792-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the case of *Gonzalez v. Officer John Doe*, (2:14-cv-0792-GMN-NJK). On November 10, 2015, Magistrate Judge Nancy Koppe sanctioned Plaintiff Rodolfo Gonzalez in the amount of $200 for failing to attend a settlement conference that was scheduled for October 13, 2015. (ECF No. 46). In her Order, Magistrate Judge Koppe admonished Plaintiff that failure to pay this fine by November 30, 2015, may result in dismissal of his claims. For the reasons set forth below, the Court will dismiss Plaintiff's claims with prejudice.

## I. DISCUSSION

In her Sanction Order, Judge Koppe recognized that Plaintiff has consistently failed to meaningfully participate in this action since May 27, 2015. (Sanction Order, ECF No. 46). Plaintiff's infractions have come in the form of failing to respond to discovery motions, failing to notify the Court whether he intended to proceed after the withdrawal of his counsel, and failing to attend the October 13 settlement conference. (*Id.* at 1:20-2:10). Despite the fact that Judge Koppe imposed only a fine as a sanction for Plaintiff's conduct, Plaintiff has nonetheless failed to pay or take any other action in this case.

The Court is at a loss in cases, such as this one, in which a plaintiff fails to participate in the judicial process and fails to follow clear Orders. However, the Court has an obligation to promote justice by controlling litigation and preserving the integrity of the judicial process.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a

party's failure to obey an order of the Court.[1] "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (internal quotations omitted); *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court will consider each of these factors in turn.

### 1. Public Interest

The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). In this case, Plaintiff has not only failed to pay the $200 sanction by the deadline, but has also failed to request an extension or explain his failure to the Court. Therefore, this factor weighs in favor of dismissal.

### 2. The Court's Need to Manage its Docket

The delays caused by Plaintiff's repeated failures to participate in the judicial process have already consumed time and resources that the Court could have devoted to other cases. The Court's resources are best allocated to actions with active parties who are willing to comply with the Court's Orders. Thus, this factor also weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendant

In her most recent Order, Judge Koppe identified several instances in which Plaintiff failed to participate in this action and defied the Court's Orders. (Sanction Order 1:20-2:10).

---

[1] Though rule 41(b) refers to a defendant's motion for dismissal, the Supreme Court has long held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

However, rather than simply pay his fine or otherwise explain his behavior, Plaintiff has taken no action whatsoever in this case.

In this case, Plaintiff's failures to respond to Defendant's discovery motions and his failure to attend the October 13 settlement conference has forced Defendant to incur unnecessary costs and denied him the possibility of resolving this action in an efficient manner. Thus, the Court finds that Plaintiff's actions have unfairly caused prejudice to Defendant, and therefore this factor weighs in favor of dismissal.

### 4. Public Policy Favoring Disposition on the Merits

Public policy and the preferences of this Court hold that legal claims should be resolved on their merits whenever possible. This factor weighs against dismissal.

### 5. Availability of Less Drastic Alternatives

In an attempt to avoid dismissal with prejudice, Judge Koppe imposed a $200 fine and specifically warned Plaintiff that failure to pay by the deadline may result in dismissal of Plaintiff's claims. (Sanction Order 4:11-16). Additionally, in the time that has elapsed since Judge Koppe issued the Sanction Order, Plaintiff could have requested an extension, offered an explanation for his behavior, or otherwise clarified his position with the Court. Despite the sanction, Plaintiff still has not made any attempt to participate in this case. Therefore the Court has exercised less drastic alternatives without success, and this factor weighs in favor of dismissal.

Accordingly, as four of the *Ferdik* factors weigh in favor of dismissal, the Court will dismiss Plaintiff's claims with prejudice.

///

///

///

///

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the claims set forth in Plaintiff Rodolfo Gonzalez's Complaint are **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment accordingly and close the case.

**DATED** this ____8__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court